■ MARIE CLAUDE MORENCY, by Her Guardian ad Litem, MIRIAM MORENCY, et al., Appellants, v HORIZON TRANSPORTATION SERVICES, INC., et al., Defendants/Third-Party Plaintiffs-Respondents. BHRAGS HOME CARE, CORP., et al., Third-Party Defendants-Respondents. [33 NYS3d 319]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Edwards, J.), dated December 13, 2013, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants on the issue of liability

and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial, and (2) from a judgment of the same court dated August 22, 2014, which, upon the jury verdict, and upon the order dated December 13, 2013, is in favor of the defendants and against them, in effect, dismissing the complaint.

Ordered that the appeal from the order dated December 13, 2013, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice and for a new trial is granted, the complaint is reinstated, the order dated December 13, 2013, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Marie Claude Morency (hereinafter the injured plaintiff), a nonverbal individual with mental and physical disabilities, allegedly fell while she was walking down the steps of an ambulette owned by the defendant Horizon Transportation Services, Inc. (hereinafter Horizon). Thereafter, the injured plaintiff's sister, who served as the injured plaintiff's guardian ad litem, commenced this personal injury action on her sister's behalf and herself individually against Horizon and the driver of the ambulette. Following a trial, the jury rendered a 5-1 verdict in favor of the defendants on the issue of liability. The plaintiffs subsequently moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability or, in the alternative, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice and for a new trial. The Supreme Court denied the plaintiffs' motion. We reverse.

Pursuant to CPLR 4404 (a), a court "may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence

[or] in the interest of justice" (CPLR 4404 [a]; *see Lariviere v New York City Tr. Auth.*, 131 AD3d 1130, 1132 [2015]). "A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (*Allen v Uh*, 82 AD3d 1025, 1025 [2011]; *see Rodriguez v City of New York*, 67 AD3d 884, 885 [2009]). In considering such a motion, "[t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected . . . and 'must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision' " (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381 [1976], quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.11; *see Allen v Uh*, 82 AD3d 1025 [2011]).

Here, the Supreme Court erred in permitting the defendants to impeach the credibility of the injured plaintiff's sister on direct examination by questioning her with respect to her criminal history and prior bad acts (*see generally* Fisch, New York Evidence § 489 [2d ed]; Jerome Prince, Richardson on Evidence § 6-421 [Farrell 11th ed]). "Indeed, it is well established that an adverse party or a hostile witness may not be impeached on direct examination by evidence of his or her criminal conviction[s]" (*Miller v Galler*, 45 AD3d 1325, 1326 [2007]; *see Hanrahan v New York Edison Co.*, 238 NY 194, 197-198 [1924]; *Skerencak v Fischman*, 214 AD2d 1020, 1020-1021 [1995]). Under the circumstances of this case, including the role played by the injured plaintiff's sister in commencing and maintaining this action in her capacity as guardian ad litem and her additional role as a fact witness, and given that the injured plaintiff was a nonverbal individual with mental and physical disabilities, the repeated and extensive questioning of the injured plaintiff's sister by defense counsel as to her past convictions and as to the underlying factual details of those crimes was an error grave enough in scope to have potentially affected the verdict (*see Dance v Town of Southampton*, 95 AD2d 442, 453 [1983]; *cf.* CPLR 2002). Given the nature and quantity of such questioning, it was plainly prejudicial and designed to deprive the plaintiffs of their right to a fair trial (*see Rodriguez v City of New York*, 67 AD3d at 885-886). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice and for a new trial (*see Dance v Town of Southampton*, 95 AD2d at 453; *cf. Skerencak v Fischman*, 214 AD2d at 1020-1021).

However, the plaintiffs' contention that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability is without merit (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Figueroa-Burgos v Bieniewicz*, 135 AD3d 810, 813 [2016]). Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was to strike the defendants' answer and the third-party complaint as a sanction for the defendants' spoliation of evidence (*see Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]; *Fossing v Townsend Manor Inn, Inc.*, 72 AD3d 884, 885-886 [2010]). Under the circumstances of this case, the lesser sanction imposed by the Supreme Court was warranted (*cf. Samaroo v Bogopa Serv. Corp.*, 106 AD3d at 714). The plaintiffs' further contention, that the defendants' answer should have been dismissed and the third-party complaint should have been dismissed due to the defendants' alleged failure to timely disclose the identities of two individuals who were in the ambulette prior to the accident, is similarly without merit. Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial.

In light of our determination, we do not reach the plaintiffs' remaining contention. Hall, J.P., Cohen, Miller and Barros, JJ., concur.