In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Parga, J.), dated March 4, 2015, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant Temple Beth Sholom, Inc., and for judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against that defendant or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and in the interest of justice and for a new trial on that cause of action insofar as asserted against that defendant, and (2) a judgment of the same court dated March 17, 2015, which, upon the jury verdict and upon the order dated March 4, 2015, is in favor of the defendant Temple Beth Sholom, Inc., and against them, in effect, dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against that defendant.
 

 Ordered that the appeal from the order is dismissed; and it is further,
 

 Ordered that the judgment is reversed, on the law, that branch of the plaintiffs’ motion which was pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice and for a new trial on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Temple Beth Sholom, Inc., is granted, that cause of action is reinstated insofar as asserted against that defendant, the order dated March 4, 2015, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant Temple Beth Sholom, Inc.; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiffs.
 

 The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 In June 2009, Luis Duran (hereinafter Duran) was injured while removing asbestos-laden flooring during a demolition project at property owned by the defendant Temple Beth Sholom, Inc. (hereinafter the temple). Duran, and his wife suing derivatively, commenced this action alleging, inter alia, a violation of Labor Law § 240 (1). The case proceeded to a jury trial.
 

 At trial, Duran testified that his work involved cutting and removing floor tiles and plywood. Duran and his coworkers would use “pry bars” to separate the plywood from metal beams (or floor joists) and then manually lift pieces of plywood until “the piece [broke] off totally” from the beam. The evidence at trial demonstrated that the beams were approximately four inches wide, four feet above the ground, and four feet apart from one another. Thus, when the plywood flooring was removed, there was approximately four feet of open space between each beam, each with a drop of approximately four feet to the ground. At the time of the accident, the beams were wet, and Duran was wearing rubber boots with no tread. As Duran stood on a wet beam, he lifted a piece of plywood weighing 60 to 80 pounds that “broke off violently,” thereby causing Duran to fall from the beam.
 

 The plaintiffs’ evidence demonstrated that Duran was not provided with any safety devices to prevent him from falling off the beam. Further, he was not directed to perform the work in a manner other than the way he was doing it, and he would not have been able to remove the plywood by standing on the ground next to the beam.
 

 The plaintiffs’ expert civil engineer testified that a worker performing demolition work approximately four feet above the ground was entitled to proper protection to prevent him from falling. The expert explained, by way of example, that a portable, three-quarters-inch plywood platform, which could be clamped to the beams for the worker to stand on, would be a suitable safety device for the task Duran was performing at the time of the accident. The expert further opined that a person doing work at any elevation over 18 inches was required to have a safety device to provide protection from a fall. Significantly, there was no evidence that the plaintiff had been provided with any elevation-related safety device (cf. Cox v International Paper Co., 234 AD2d 757, 759 [1996]).
 

 However, the defendants adduced evidence that the accident occurred in a manner different from that described by Duran at trial. Approximately one week after the accident, Duran spoke with a workers’ compensation attorney, who prepared a form for him to sign. One of the questions on the form asked how the injury happened. Duran’s purported response, as stated on the form, was: “While working I slipped and fell over debris on construction site.”
 

 Duran testified at trial that the workers’ compensation form did not contain an accurate description of the accident. Notably, Duran was born in a Spanish-speaking country, he moved to the United States only about three years prior to the accident, he had only limited English language skills, and he testified at trial through an interpreter. The form was in English and the workers’ compensation attorney did not speak Spanish. Although the attorney’s secretary had some knowledge of Spanish, Duran could not remember whether she translated the entries on the form before asking him to sign. Duran testified that he did not understand everything on the form, including the meaning of the word “debris.”
 

 During summation, the defense essentially provided three different reasons why the temple did not violate Labor Law § 240 (1): (1) Duran did not fall from a beam—he slipped on construction debris; (2) if Duran fell from a beam, the beam was only two to three feet off the ground; and (3) in any event, if Duran fell from a beam, he was the sole proximate cause of the accident.
 

 During the charge conference, the plaintiffs’ counsel requested that, in addition to submitting to the jury the question whether the temple had violated Labor Law § 240 (1), the jury should also be asked to determine whether Duran fell off the beam. The Supreme Court declined to do so.
 

 The Supreme Court later instructed the jury, in pertinent part, that Labor Law § 240 (1) requires contractors and owners of properties being demolished to provide safety devices to the workers. Duran was engaged in demolition, and, therefore, if the temple breached this statutory duty, and such breach was a substantial factor in causing his accident, then the statute required the imposition of liability, whether or not the temple was at fault and whether or not there was any fault on Duran’s part that contributed to the accident. On the other hand, if Duran’s actions were the sole substantial factor in bringing about the accident, then the jury had to find for the temple.
 

 The jury found in favor of the temple, finding simply that the temple did not violate Labor Law § 240 (1).
 

 Thereafter, the plaintiffs moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or, alternatively, to set aside the verdict as contrary to the weight of the evidence or in the interest of justice. The Supreme Court denied the plaintiffs’ motion. The plaintiffs appeal.
 

 Pursuant to CPLR 4404 (a), a court “may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action . . . where the verdict is contrary to the weight of the evidence [or] in the interest of justice” (see Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132 [2015]). “ ‘A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court’s rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise’ ” (Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023 [2016], quoting Allen v Uh, 82 AD3d 1025, 1025 [2011]; see Rodriguez v City of New York, 67 AD3d 884, 885 [2009]). In considering such a motion, “[t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected . . . and ‘must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision’ ” (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [1976] [citation omitted], quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.11; see Morency v Horizon Transp. Servs., Inc., 139 AD3d at 1023).
 

 Here, the Supreme Court erred in denying the plaintiffs’ request to ask the jury to determine not only whether the temple violated Labor Law § 240 (1), but also to determine whether Duran fell off the beam (cf. Saber v 69th Tenants Corp., 107 AD3d 873, 876 [2013]; cf. also Brown v Stark, 205 AD2d 725 [1994]). Under the particular circumstances of this case, this constituted a fundamental error warranting a new trial because the court’s instructions failed to explain to the jury that, in light of arguably inconsistent accounts of how the accident occurred, the jury was entitled to find that Duran did not fall from the beam or, alternatively, that he did fall from the beam but no safety device was required under Labor Law § 240 (1). Further, there was sufficient evidence of juror confusion with respect to this issue (cf. McCarthy v Turner Constr., Inc., 71 AD3d 511, 511 [2010]; Rock v City of New York, 294 AD2d 480, 481 [2002]). Notably, the jury requested a readback of Labor Law § 240 (1). The court’s errors in failing to properly charge the jury and add the interrogatory requested by the plaintiffs prejudiced a substantial right and warrants a new trial (see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 382; Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1393 [2014]; Saber v 69th Tenants Corp., 107 AD3d at 876; see also Carelli v Demoro-Grafferi, 121 AD2d 673, 674 [1986]; cf. King v Perrotte, 50 AD3d 1266, 1269 [2008]).
 

 For that reason, the Supreme Court should have granted that branch of the plaintiffs’ motion which was pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice and for a new trial on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the temple (see Morency v Horizon Transp. Servs., Inc., 139 AD3d at 1023).
 

 However, the plaintiffs’ contention that the Supreme Court should have granted that branch of their motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of liability is without merit because there was conflicting evidence as to whether Duran fell from a beam or tripped over construction debris (see generally Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.