D'Amato v WDF Dev., LLC (2020 NY Slip Op 02761)





D'Amato v WDF Dev., LLC


2020 NY Slip Op 02761


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2016-13227
 (Index No. 9120/11)

[*1]Michael D'Amato, et al., appellants,
v
WDF Development, LLC, et al., respondents.


Napoli Shkolnik, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for appellants.
LaSalle, LaSalle & Dwyer, P.C., Sea Cliff, NY (Sean P. Dwyer and Danielle Reinbachs of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated October 20, 2016. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants and against them on the issue of liability in the interest of justice and for a new trial on that issue.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants and against them on the issue of liability in the interest of justice and for a new trial on that issue is granted, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of liability.
On July 28, 2010, the plaintiff Michael D'Amato (hereinafter the injured plaintiff), a sewage treatment worker employed by nonparty New York City Department of Environmental Protection (hereinafter the DEP), allegedly was injured when he slipped and fell on a piece of PVC pipe while conducting an inspection in a tunnel at the Jamaica Water Treatment Plant, which was owned by the DEP. The plaintiff alleged that the pipe had been left in the tunnel by the defendants, WDF Development, LLC, and WDF, Inc., which had contracted to perform certain construction work at the premises. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants to recover damages for personal injuries the injured plaintiff allegedly sustained in the accident.
At the ensuing trial on the issue of liability, as relevant to this appeal, Leo Dudin testified during the defendants' case that, in July 2010, he was employed as a resident engineer by Hazen and Sawyer, the construction manager hired by the DEP to oversee the construction project. Dudin testified, in relevant part, that, after the accident, he inspected the area where the injured plaintiff fell and that the PVC pipe he observed in the area was not part of the work performed by the defendants. He testified that the pipe was used by another contractor on the project, John Piccone. At the close of evidence, the Supreme Court submitted to the jury the following question: "Did the [injured plaintiff] trip over [the defendants'] PVC pipe on July 28th, 2010?" The jury [*2]answered the question in the negative.
The plaintiffs moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict in the interest of justice and for a new trial on the issue of liability. The plaintiffs argued, among other things, that the defendants had misled the jury into believing that Dudin was an independent, impartial witness when, in actuality, he was an interested witness employed by the defendants. The plaintiffs explained that they had only recently learned of Dudin's employment status inasmuch as he was never exchanged as a witness and had never appeared for a deposition. In an order dated October 20, 2016, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants and against them on the issue of liability in the interest of justice and for a new trial on that issue, and the plaintiffs appeal from that portion of the order.
Pursuant to CPLR 4404(a), a trial court may order a new trial "in the interest of justice." "A motion pursuant to CPLR 4404 (a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Allen v Uh, 82 AD3d 1025, 1025; see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d 672, 675-676; Duran v Temple Beth Sholom, Inc., 155 AD3d 690, 693). In considering such a motion, "[t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [citation omitted], quoting Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.11; see Daniele v Pain Mgt. Ctr. of Long Is., 168 AD3d at 676; Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023).
Here, the record reveals that the defendants affirmatively represented to the jury that Dudin was a disinterested, objective witness, notwithstanding that he was employed by the defendants at the time of trial. During summation, the defendants' counsel stated that Dudin was "with the construction manager," and that he was "not on [the defendants'] payroll," but rather was a representative of the DEP. Additionally, the defendants' counsel stated that, "you heard from Mr. Dudin, who is with the DEP now, this is not [the defendants'] stuff" in the tunnel. Counsel specifically referred to Dudin as "an objective witness" who "has no dealings with [the defendants]," and stated that he was "there to help the [injured] plaintiff." Under the circumstances, we find that the jury should have had the opportunity to consider Dudin's status as an employee of the defendants in assessing his credibility and in determining whether this relationship biased or influenced the witness's testimony (see PJI 1:92; Dobro v Village of Sloan, 48 AD2d 243, 247-248; cf. Coleman v New York City Tr. Auth., 37 NY2d 137, 142-143). Given the significance of Dudin's testimony to the defendants' case, the error was not harmless (see Jett v City of New York, 140 AD3d 511, 512).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendants and against them on the issue of liability in the interest of justice and for a new trial on that issue.
In light of our determination, we need not reach the plaintiffs' remaining contention.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court