Alonzo v City of New York (2020 NY Slip Op 07019)





Alonzo v City of New York


2020 NY Slip Op 07019


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-06181
 (Index No. 3819/07)

[*1]Rosario Alonzo, appellant, 
v
City of New York, et al., defendants, Allen Affordable Housing Development Fund Corporation, respondent.


Pena & Kahn, PLLC, Bronx, NY (Steven L. Kahn and Diane Welch Bando of counsel), for appellant.
Hertz, Cherson & Rosenthal, P.C., Forest Hills, NY (Jeffrey M. Steinitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an amended order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated April 9, 2019. The amended order, in effect, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant Allen Affordable Housing Development Fund Corporation on the issue of liability and for a new trial or, in the alternative, for judgment as a matter of law.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant Allen Affordable Housing Development Fund Corporation on the issue of liability and for a new trial, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability, and thereafter for a trial on the issue of damages, if warranted.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained in a slip-and-fall accident on the wet interior stairs of the apartment building where she lived, which was owned and managed by the defendant Allen Affordable Housing Development Fund Corporation (hereinafter Allen Affordable). It was undisputed that at the time of the accident, which occurred at approximately 10:00 p.m., the building had been without running water for at least two days, as a result of a broken pipe in the basement. At a jury trial on the issue of liability, evidence was presented that the fire hydrant outside the building was opened by the building's superintendent, an Allen Affordable employee, to supply the tenants with water. The plaintiff and her daughter testified that the superintendent also placed a garbage can filled with water near the door of the building, although Allen Affordable contended that tenants had placed it. Allen Affordable acknowledged that it was aware that tenants had been carrying open buckets filled with water from these sources to their apartments, and spilling water on the interior stairs. The superintendent of the three-story building had been directed to keep the stairs dry.
The jury found that Allen Affordable was not negligent. The jury determined that [*2]there was water on the stairs when the plaintiff fell, that this constituted an unsafe condition, and that Allen Affordable either knew or should have known of the existence of the unsafe condition. However, the jury further found that Allen Affordable did not have sufficient notice of the unsafe condition before the accident to correct it or take other suitable precautions. By amended order dated April 9, 2019, the Supreme Court, in effect, denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict and for a new trial or, in the alternative, for judgment as a matter of law. The plaintiff appeals.
"Pursuant to CPLR 4404(a), a court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action . . . where the verdict is contrary to the weight of the evidence [or] in the interest of justice. A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Duran v Temple Beth Sholom, Inc., 155 AD3d 690, 693 [citation and internal quotation marks omitted]).
A property owner has a duty to maintain its premises "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [internal quotation marks omitted]). "[T]o impose liability upon the defendant for a [slip] and fall on an allegedly dangerous condition, there must be evidence that the dangerous condition existed and that the defendant either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time" (Barrett v New York City Tr. Auth., 176 AD3d 909, 911; see Boyd v Manhattan & Bronx Surface Tr. Operating Auth., 9 NY3d 89; Gordon v American Museum of Natural History, 67 NY2d 836). Generally, where the property owner created the dangerous condition, the "usual questions of notice of the condition are irrelevant" (Cook v Rezende, 32 NY2d 596, 599; see Walsh v Super Value, Inc., 76 AD3d 371, 376).
The plaintiff contends that the Supreme Court erroneously instructed the jury that there was "evidence that Allen Affordable did not create the condition," over her objection, which adequately preserved the issue for appellate review (see CPLR 4110-b). The court modified the PJI 2:91 model jury charge requested by the plaintiff, such that the issue of Allen Affordable's potential creation of the unsafe condition was not submitted to the jury. In rejecting the plaintiff's objection to its charge, the court found that although the superintendent may have put the garbage can filled with water near the door, providing "the mechanism by which the water got" on the stairs, in the absence of evidence that he directly put water on the stairs, it did not follow that Allen Affordable created the unsafe condition.
Contrary to the Supreme Court's conclusion, there is a valid line of reasoning that could lead a jury to conclude that Allen Affordable created a hazardous condition, notwithstanding that the intervening acts of tenants, who directly spilled the water, were also required to create the condition (see generally Padula v Big V Supermarkets, 173 AD2d 1094, 1096).
Determinations of legal or proximate cause are governed by the principle "that a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury" (Hain v Jamison, 28 NY3d 524, 528-529 [internal quotation marks omitted]; see Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520). "When a question of proximate cause involves an intervening act, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence . . . . It is [o]nly where the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct, [that it] may . . . possibly break[ ] the causal nexus" (Hain v Jamison, 28 NY3d at 529 [citations, emphasis, and internal quotation marks omitted]).
Here, the intervening act was a consequence that Allen Affordable not only could foresee, but had actual notice of. It was aware that tenants were spilling water as they carried it in [*3]open buckets, and that the stairs where the plaintiff fell had become wet. Accordingly, we disagree with the Supreme Court's conclusion that the connection between the alleged affirmative acts and the events which produced the injury was too attenuated to reasonably find that Allen Affordable created the hazardous condition. The error in declining to submit the question of Allen Affordable's creation of the hazardous condition was not harmless, as it affected whether it was necessary for the jury to reach the question of sufficient notice. The matter must therefore be remitted for a new trial.
Contrary to her alternative contention, the plaintiff is not entitled to judgment as a matter of law. Viewing the evidence in the light most favorable to Allen Affordable, there is a valid line of reasoning on which a rational finder of fact could conclude that the plaintiff's injuries were not caused by its negligence (see Sikorjak v City of New York, 168 AD3d 778, 780-781).
The plaintiff's remaining contentions have been rendered academic in light of our determination.
DILLON, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court