Pimenta v 1504 Cia, LLC (2021 NY Slip Op 04726)





Pimenta v 1504 Cia, LLC


2021 NY Slip Op 04726


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-08169
 (Index No. 502843/15)

[*1]Mirson Pimenta, appellant-respondent, 
v
1504 CIA, LLC, et al., respondents-appellants.


Law Offices of Lawrence Perry Biondi P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for appellant-respondent.
Wilson Elser Moskowitz & Dicker LLP, New York, NY (Judy C. Selmeci and Eugene T. Boulé of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 6, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages for past and future pain and suffering as excessive to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the damages for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,000,000 and for future pain and suffering from the principal sum of $15,000,000 to the principal sum of $2,250,000. The order, insofar as cross-appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for past and future pain and suffering as excessive only to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the damages for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,000,000 and for future pain and suffering from the principal sum of $15,000,000 to the principal sum of $2,250,000, and denied that branch of their motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages for future lost earnings.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On August 11, 2014, the plaintiff, then a 42-year-old construction worker, was injured on the job while bending over to pick up some materials from the floor when an aluminum ladder fell over and hit him in the back, causing his arms and knees to strike the ground. As a result of the accident, the plaintiff allegedly suffered injuries to the cervical and lumbar regions of his spine and to his knees, which rendered him unable to perform construction work.
Following the commencement of this action to recover damages for personal injuries, the Supreme Court determined that the plaintiff was entitled to summary judgment on the cause of action alleging a violation of Labor Law § 240(1). At a jury trial on the issue of damages, the plaintiff presented evidence that he underwent various medical treatments, including spinal [*2]injections, surgeries to the cervical and lumbar regions of his spine, including the placement of stabilizing hardware, implantation of a spinal cord stimulator, cortisone injections to his knee, and arthroscopic knee surgery, as well as receiving physical therapy. These treatments alleviated, but did not eliminate, the plaintiff's pain and other symptoms and did not fully restore his strength or range of motion. The plaintiff's spine surgeon testified that he anticipated future revision surgeries to the cervical and lumbar regions of the plaintiff's spine, as well as future surgeries to replace the battery and other components of the spinal cord stimulator. The plaintiff's knee surgeon testified that he could not rule out the need for future surgeries, and described the plaintiff's prognosis as "guarded."
Following the trial, the jury awarded the plaintiff, inter alia, the principal sums of $2,000,000 for past pain and suffering, $15,000,000 for future pain and suffering over a period of 33.3 years, and $1,804,535 for future lost earnings over a period of 21 years. Thereafter, the defendants moved pursuant to CPLR 4404(a) to set aside the awards for past and future pain and suffering and future lost earnings as excessive and for a new trial on those damages unless the plaintiff consented to reduce those awards to the principal sums of $600,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $1,632,674.52 for future lost earnings. In an order dated June 6, 2019, the Supreme Court granted those branches of the defendants' motion which were to set aside the awards for past and future pain and suffering to the extent of directing a new trial unless the plaintiff stipulated to reduce those awards to the principal sums of $1,000,000 for past pain and suffering and $2,250,000 for future pain and suffering, and denied that branch of the defendants' motion which was to set aside the award for future lost earnings. The plaintiff appeals, and the defendants cross-appeal.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and the jury's determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Arcos v Bar-Zvi, 185 AD3d 882, 883 [internal quotation marks omitted]; see CPLR 5501[c]; Tarpley v New York City Tr. Auth., 177 AD3d 929, 932). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (id. at 932 [internal quotation marks omitted]). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (id. [internal quotation marks omitted]).
Here, considering the nature and the extent of the injuries sustained by the plaintiff, the awards for past pain and suffering and future pain and suffering, as reduced by the Supreme Court, do not deviate materially from what would be reasonable compensation (see id. at 930-931; Garcia v CPS 1 Realty, LP, 164 AD3d 656, 657-658; Cano v Mid-Valley Oil Co., Inc., 151 AD3d 685, 687; Starkman v City of Long Beach, 148 AD3d 1070, 1071).
Contrary to the defendants' contention, the jury's award of future lost earnings based upon the assumption that, but for his injury, the plaintiff would have worked until the age of 67, was reasonable and supported by the record (cf. Khulaqi v Sea-Land Servs., 185 AD2d 973, 974).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the awards for past and future pain and suffering as excessive to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless the plaintiff stipulated to reduce the damages for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $1,000,000 and for future pain and suffering from the principal sum of $15,000,000 to the principal sum of $2,250,000, and denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the award for future lost earnings.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court