Chihuahua v Birchwood Estates, LLC (2022 NY Slip Op 01987)





Chihuahua v Birchwood Estates, LLC


2022 NY Slip Op 01987


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-02357
2019-05338
 (Index No. 15-7321)

[*1]Omar Rene Chihuahua, et al., plaintiffs,
v
Birchwood Estates, LLC, et al., respondents, JMG Improvements, Inc., appellant.


Goldberg Segalla, LLP, White Plains, NY (William T. O'Connell of counsel), for appellant.
Gordon & Rees Scully Mansukhani, LLP, Harrison, NY (Allyson A. Avila of counsel), for respondent Birchwood Estates, LLC.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin of counsel), for respondent John Doyle.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant JMG Improvements, Inc., appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated December 17, 2018, and (2) a judgment of the same court entered March 15, 2019. The order denied the motion of the defendant JMG Improvements, Inc., pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability in favor of the defendants Birchwood Estates, LLC, and John Doyle on their cross claims against JMG Improvements, Inc., for common-law indemnification and contribution as contrary to the weight of the evidence, inconsistent, and in the interest of justice, and for a new trial. The judgment, upon the jury verdict, is in favor of the defendants Birchwood Estates, LLC, and John Doyle and against the defendant JMG Improvements, Inc, on the issue of liability on their cross claims against JMG Improvements, Inc., for common-law indemnification and contribution.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Birchwood Estates, LLC, and the defendant John Doyle.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On July 3, 2015, the plaintiff Omar Rene Chihuahua (hereinafter the injured plaintiff) was performing work on a house under construction in a development. He was sanding the walls and the ceiling. The house was owned by the defendant Birchwood Estates, LLC (hereinafter [*2]Birchwood). The injured plaintiff fell from a makeshift scaffold, composed of a ladder and extension plank, and allegedly sustained personal injuries. The defendant John Doyle (hereinafter Doyle) contracted with Birchwood to construct the homes in the development. Doyle, in turn, hired the defendant JMG Improvements, Inc. (hereinafter JMG), to perform the drywall work on the job.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against Birchwood, as the owner of the premises, Doyle, as the general contractor on the job, and JMG, as the subcontractor on the job, alleging, inter alia, violations of Labor Law §§ 240 and 241. Birchwood and Doyle asserted cross claims against JMG for common-law indemnification and contribution. The plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action against Birchwood and Doyle, while JMG moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiffs' direct action against it was barred by the exclusive remedy provisions of the Workers' Compensation Law because JMG was the injured plaintiff's employer at the time of the subject accident. The Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and denied JMG's motion for summary judgment, rejecting its argument that it was the injured plaintiff's employer at the time of the accident. The plaintiffs thereafter discontinued their claims against JMG.
The action proceeded to trial on Birchwood's and Doyle's cross claims for common-law indemnification and contribution against JMG, and on JMG's Workers' Compensation defense. At the close of the liability phase of the bifurcated trial, the jury found in favor of Birchwood and Doyle, returning a verdict finding, among other things, that the injured plaintiff was not an employee of JMG at the time of the subject accident. Thereafter, JMG moved pursuant to CPLR 4404(a) to set aside the jury verdict and for a new trial on the grounds that it was contrary to the weight of the evidence, inconsistent, and in the interest of justice. The Supreme Court denied that motion and a judgement was subsequently entered. JMG appeals.
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Ali v Chaudhry, 197 AD3d 1084, 1085; see CPLR 4404[a]; Lolik v Big V Supermarkets, 86 NY2d 744). Contrary to the assertions of JMG on appeal, the jury's findings that the injured plaintiff was not working as an employee of JMG at the time of the subject accident and that JMG supervised, directed, and/or controlled the work the injured plaintiff was performing at the time of the accident were not contrary to the weight of the evidence, as those findings were based on a fair interpretation of the evidence adduced at trial (see Lolik v Big V Supermarkets, 86 NY2d at 744).
Pursuant to CPLR 4404(a), the court, upon the motion of any party or on its own initiative, may set aside a verdict "in the interest of justice." This "is predicated on the assumption that the Judge who presides at trial is in the best position to evaluate errors therein" (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). "'A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (D'Amato v WDF Dev., LLC, 183 AD3d 695, 696, quoting Allen v Uh, 82 AD3d 1025, 1025; see Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023).
"'In considering such a motion, [t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected . . . and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (Duman v Scharf, 186 AD3d 672, 674, quoting Morency v Horizon Transp. Servs., Inc., 139 AD3d at 1023; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381). The trial court's determination is "discretionary in nature" and should not therefore be reversed absent an abuse or improper exercise of discretion (Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d at 381).
The Supreme Court did not err in failing to give, as requested by counsel for JMG at trial, an independent contractor charge to the jury as it related to the injured plaintiff. At trial, during the charge conference, counsel for JMG admitted that there was no evidence that the injured plaintiff was an independent contractor. As such, the court was correct in declining to so charge the jury (see [*3]generally Arad v Hanza, LLC, 109 AD3d 776, 777), and a new trial is not warranted on this ground.
Trial courts, in general, have broad discretion in ruling on the admission of evidence (see People v Carroll, 95 NY2d 375, 385; Matter of Berrouet v Greaves, 35 AD3d 460, 461; see also Messinger v Mount Sinai Med. Ctr., 15 AD3d 189). Indeed, trial courts are accorded "wide discretion in making evidentiary rulings[ ] and those rulings should not be disturbed on appeal absent an improvident exercise of discretion" (People v Williams, 49 AD3d 672, 672, affd 12 NY3d 726). Here, considering the record as a whole, the Supreme Court providently exercised its discretion in excluding JMG's purported W-2 Wage and Tax form regarding the injured plaintiff's alleged employment therewith in 2015 from being admitted into evidence on the last day of trial in this case, especially where, among other things, this document had not been previously disclosed.
JMG's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court