Eaton v Fiotos (2025 NY Slip Op 03553)

Eaton v Fiotos

2025 NY Slip Op 03553

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2020-09607
2021-03519
 (Index No. 189/14)

[*1]Martin Eaton, respondent-appellant, 
v
Frank Fiotos, et al., defendants, 514 Fioto Property Corp., et al., appellants-respondents.

Pillinger Miller Tarallo, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Glen A. Kaminska], of counsel), for appellants-respondents.
Rubin Law, PLLC, New York, NY (Denise A. Rubin of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendants 514 Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 30, 2020, and (2) the defendants 514 Fioto Property Corp., Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner appeal from a judgment of the same court entered April 28, 2021. The order, insofar as appealed from, denied those branches of the motion of the defendants Frank Fiotos, John Fiotodimitrakis, Antonios Fiotodimitrakis, 514 Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner which were pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability in the interest of justice and for a new trial on the issue of liability and to set aside, in the interest of justice and as excessive, a separate jury verdict on the issue of damages. The judgment, upon the jury verdict in favor of the plaintiff on the issue of liability, upon the separate jury verdict on the issue of damages, and upon the order, is in favor of the plaintiff and against the defendants 514 Fioto Property Corp., Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner in the total sum of $646,425.
ORDERED that the cross-appeal is dismissed as abandoned; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the motion of the defendants Frank Fiotos, John Fiotodimitrakis, Antonios Fiotodimitrakis, 514 Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability in the interest of justice and for a new trial on the issue of liability is granted, the order dated November 30, 2020, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability; and it is further,
ORDERED that the jury's findings of fact on the issue of damages are affirmed; and [*2]it is further,
ORDERED that one bill of costs is awarded to the defendants 514 Fioto Property Corp., Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, that he was injured when he was battered by the defendant Bryan Vetell. The plaintiff testified that on January 20, 2013, he went to Kellogg's Diner (hereinafter the diner) in Brooklyn. When the bill for his meal arrived, the plaintiff, needing cash, decided not to use an ATM located in the vestibule of the diner. Instead, he left the diner and went across the street to use an ATM located inside of a grocery store. As the plaintiff was crossing the street, Vetell, who was working as a security guard for the diner, informed the plaintiff that he had to return to the diner to pay his bill. When the plaintiff re-entered the diner, Vetell grabbed the plaintiff, knocked him to the floor, and choked him. At the time of the incident, the diner was owned and managed by the defendants Frank Fiotos, John Fiotodimitrakis, Antonios Fiotodimitrakis, 514 Fioto Property Corp., and 518 Metropolitan Ave. Corp. (hereinafter collectively the diner defendants). Following a trial on the issue of liability, the jury returned a verdict in favor of the plaintiff. Following a separate trial on the issue of damages, the jury awarded the plaintiff damages in the sums of $275,000 for past pain and suffering, $275,000 for future pain and suffering over seven years, and $35,000 for future medical expenses over three years.
Thereafter, the diner defendants moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff on the issue of liability in the interest of justice and for a new trial on the issue of liability and to set aside, in the interest of justice and as excessive, the separate jury verdict on the issue of damages. The plaintiff opposed the motion. In an order dated November 30, 2020, the Supreme Court, inter alia, denied those branches of the diner defendants' motion. A judgment was entered on April 28, 2021, in favor of the plaintiff and against the defendants 514 Fioto Property Corp., Fioto Property Corp., 518 Metropolitan Ave. Corp., and Kellogg's Diner (hereinafter collectively the appellants) in the total sum of $646,425. These appeals ensued.
The cross-appeal must be dismissed as abandoned, as the plaintiff's brief does not request reversal of any portion of the order dated November 30, 2020 (see Kang Min Lee v Ke Ping Huang, 223 AD3d 790, 791; Sammy v First Am. Tit. Ins. Co., 205 AD3d 949, 953). The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
"Under the doctrine of respondeat superior, an employer is vicariously liable for a tort committed by an employee while the employee is acting within the scope of his or her employment" (Llorente v Wnorowski, 204 AD3d 656, 657; see Brandford v Singh, 136 AD3d 727, 727). However, "an employer cannot be held vicariously liable for its employee's alleged tortious conduct if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business" (Norwood v Simon Prop. Group, Inc., 200 AD3d 891, 893-894 [internal quotation marks omitted]; see Llorente v Wnorowski, 204 AD3d at 657-658). "Drawing this distinction 'may appear . . . simple but, because it depends largely on the facts and circumstances peculiar to each case, it is more simply said than applied'" (Norwood v Simon Prop. Group, Inc., 200 AD3d at 894, quoting Riviello v Walden, 47 NY2d 297, 302). "Indeed, 'because the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury'" (id., quoting Riviello v Walden, 47 NY2d at 303).
During a charge conference, the appellants' counsel requested that, in addition to submitting to the jury the question whether Vetell was an employee or special employee of the diner on January 20, 2013, the jury should also be asked to determine whether Vetell was acting within the scope of his employment when he attacked the plaintiff. The Supreme Court declined this [*3]request. The verdict sheet contained two interrogatories: "Was the defendant, Bryan Vetell, an employee or special employee of Kellogg's Diner on January 20, 2013?" and "Did the defendant, Bryan Vetell, commit a battery on January 20, 2013?"
Pursuant to CPLR 4404(a), "the court may set aside a verdict or any judgment entered thereon and . . . may order a new trial . . . where the verdict is contrary to the weight of the evidence, [or] in the interest of justice" (see Alonzo v City of New York, 188 AD3d 1123, 1124; Duran v Temple Beth Sholom, Inc., 155 AD3d 690, 693). "'A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (Alonzo v City of New York, 188 AD3d at 1124, quoting Duran v Temple Beth Sholom, Inc., 155 AD3d at 693; see Freed v Best, 203 AD3d 1143, 1145). "In considering such a motion, '[t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his [or her] own common sense, experience and sense of fairness rather than to precedents in arriving at a decision'" (D'Amato v WDF Dev., LLC, 183 AD3d 695, 696, quoting Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381 [internal quotation marks omitted]; see Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023).
Here, the Supreme Court erred in denying the appellants' counsel's request to ask the jury to determine whether Vetell was acting within the scope of his employment when he attacked the plaintiff. The interrogatories that were given to the jury made it possible for the jury to find the appellants liable for Vetell's acts based only on his being a special employee without determining that he was acting within the scope of his employment when he attacked the plaintiff. Since a determination that Vetell was acting within the scope of his employment is a necessary element to render the appellants vicariously liable for his acts, the court should have added the requested interrogatory to the verdict sheet (see generally Figueroa-Burgos v Bieniewicz, 135 AD3d 810, 812; Gray v Great Am. Recreation Assn., Inc., 970 F2d 1081, 1083 [2d Cir]; Pepe v Maklansky, 67 F Supp 2d 186, 188-189 [SD NY]). The court's failure to do so prejudiced a substantial right of the appellants and warrants a new trial on the issue of liability (see Duran v Temple Beth Sholom, Inc., 155 AD3d at 694; Figueroa-Burgos v Bieniewicz, 135 AD3d at 812; Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1393). Thus, the court should have granted that branch of the diner defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff on the issue of liability in the interest of justice and for a new trial on the issue of liability. Accordingly, we grant that branch of the diner defendants' motion and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability.
As there must be a new trial on the issue of liability, we note that it was for the jury, as the trier of fact, to decide whether Vetell's actions proximately caused all of the injuries for which the plaintiff sought to recover damages. "The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and the jury's determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Pimenta v 1504 Cia, LLC, 197 AD3d 670, 672 [internal quotation marks omitted]; see CPLR 5501[c]). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (Pimenta v 1504 Cia, LLC, 197 AD3d at 672 [internal quotation marks omitted]). Here, the jury's awards of damages for past and future pain and suffering did not deviate materially from what would be considered reasonable compensation. Further, the jury's award of damages for future medical expenses was not against the weight of the evidence.
Contrary to the appellants' contention, apportionment of damages pursuant to CPLR article 16 was not required (see id. § 1602[5]).
CONNOLLY, J.P., FORD, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court