Deflorio v County of Nassau (2026 NY Slip Op 01765)

Deflorio v County of Nassau

2026 NY Slip Op 01765

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2021-02234 
2024-04183
 (Index No. 60214/17)

[*1]Susan N. Deflorio, respondent,
vCounty of Nassau, et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel), for appellants.
Armienti, DeBellis & Rhoden, LLP, Mineola, NY (Vanessa M. Corchia of counsel), for respondent.
In an action to recover damages for personal injuries, (1) the defendants appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered March 19, 2021, and (2) the defendant County of Nassau appeals from a judgment of the same court (Jeffrey A. Goodstein, J.) entered February 1, 2024. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability against the defendant County of Nassau as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of liability or, in the alternative, to set aside so much of a jury verdict against the defendant County of Nassau on the issue of damages as awarded the plaintiff the sum of $1,000,000 for past pain and suffering, $2,250,000 for future pain and suffering, and $700,000 for future medical expenses as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages. The judgment, upon the jury verdicts on the issues of liability and damages, and upon the order, is in favor of the plaintiff and against the defendant County of Nassau in the total sum of $6,587,482.27.

DECISION & ORDER
By order to show cause dated October 7, 2024, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order entered March 19, 2021, on the ground that the right of direct appeal from the order terminated upon entry in the above-entitled action of the judgment. By decision and order on motion of this Court dated November 27, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff was injured while crossing the street at an intersection in Mineola. The plaintiff was struck by a police vehicle owned by the defendant County of Nassau and operated by the defendant Andrew Martone. As a result of the accident, the plaintiff suffered injuries to her left ankle, which had been crushed under the wheel of the police vehicle. The plaintiff commenced this action against the defendants to recover damages for personal injuries she allegedly sustained as a result of the accident. After a trial on the issue of liability, the jury returned a verdict finding that the County was 100% liable for the plaintiff's injuries. After a trial on the issue of damages, the jury awarded the plaintiff, inter alia, $1,000,000 for past pain and suffering, $2,250,000 for future pain and suffering, and $700,000 for future medical expenses. Thereafter, the defendants moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability against the County as contrary to the weight of the evidence or in the interest of justice and for a new trial on the issue of liability or, in the alternative, to set aside so much of the jury verdict against the County on the issue of damages as awarded the plaintiff $1,000,000 for past pain and suffering, $2,250,000 for future pain and suffering, and $700,000 for future medical expenses as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages. In an order entered March 19, 2021, the Supreme Court, inter alia, denied those branches of the defendants' motion. Thereafter, a judgment was entered in favor of the plaintiff and against the County in the total sum of $6,587,482.27. These appeals ensued.
"Pursuant to CPLR 4404(a), the court, upon the motion of any party or on its own initiative, may set aside a verdict in the interest of justice" (Traca v Catapano Engg. & Architecture, P.C., 237 AD3d 1134, 1135 [internal quotation marks omitted]; see Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1017). "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Traca v Catapano Engg. & Architecture, P.C., 237 AD3d at 1135 [internal quotation marks omitted]; see Allen v Uh, 82 AD3d 1025, 1025). "The trial court must decide whether substantial justice has been done, and must look to common sense, experience, and sense of fairness in arriving at a decision" (Traca v Catapano Engg. & Architecture, P.C., 237 AD3d at 1135 [internal quotation marks omitted]; see Allen v Uh, 82 AD3d at 1025). Here, the Supreme Court did not err in declining to charge, as requested by the defendants' counsel at trial, Vehicle and Traffic Law § 1152, as the evidence at trial established that the plaintiff was in an unmarked crosswalk at the time of the accident (see Fan v Buzzitta, 42 AD2d 40, 42). Accordingly, the issue raised by the County did not constitute error and did not deprive the County of substantial justice (see Traca v Catapano Engg. & Architecture, P.C., 237 AD3d at 1135).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Traca v Catapano Engg. & Architecture, P.C., 237 AD3d at 1135-1136 [internal quotation marks omitted]; see Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 745-746; Cruz-Rivera v Natl. Grid Energy Mgt., LLC, 190 AD3d 687, 688). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (Hervey v Northern Westchester Hosp., 238 AD3d 1117, 1119 [internal quotation marks omitted]; see Nicastro v Park, 113 AD2d 129, 133). However, "the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d at 133). Here, the jury's determination that the plaintiff was not negligent was supported by a fair interpretation of the evidence and, thus, the determination was not contrary to the weight of the evidence.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Wynter v Transdev Servs., Inc., 207 AD3d 785, 787; see CPLR 5501[c]; Pimenta v 1504 Cia, LLC, 197 AD3d 670, 672). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Aguilar v Graham [*2]Terrace, LLC, 237 AD3d 1149, 1150-1151 [internal quotation marks omitted]; see Kayes v Liberati, 104 AD3d 739, 741). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Aguilar v Graham Terrace, LLC, 237 AD3d at 1151 [internal quotation marks omitted]; see Wynter v Transdev Servs., Inc., 207 AD3d at 787). Considering the nature and extent of the injuries sustained by the plaintiff and comparable precedent, the awards for past pain and suffering, future pain and suffering, and future medical expenses did not deviate materially from what would be reasonable compensation (see Aguilar v Graham Terrace, LLC, 237 AD3d at 1149; Pimenta v 1504 Cia, LLC, 197 AD3d 670; Kowalsky v County of Suffolk, 139 AD3d 906; Kayes v Liberati, 104 AD3d 739; De La Cruz v New York City Tr. Auth., 48 AD3d 508).
The County's remaining contentions are unpreserved for appellate review.
LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court