■ FRANK CASTELLANO, Respondent-Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent. [832 NYS2d 635]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated August 18, 2005, as denied that branch of its motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law and to dismiss the complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside, as against the weight of the evidence, a jury verdict finding the defendant 51% at fault in the happening of the accident, and for a new trial.

Ordered that the order is reversed insofar as appealed from, that branch of the defendant's motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law and to dismiss the complaint is granted, and that branch of the defendant's motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence and for a new trial is denied as academic; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The evidence, viewed in the light most favorable to the plaintiff, was legally insufficient to support the jury's verdict and, thus, that branch of the defendant's motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law and to dismiss the complaint should have been granted. The mere fact that the plaintiff was struck by a train, which is all that was shown, afforded no proof of the defendant's negligence. In addition to establishing the fact of the accident, it was the plaintiff's burden to demonstrate what actually happened at the time of the accident so as to enable the jury to find that the defendant was negligent and that its negligence was the proximate cause of the accident (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 521 [1980]). To entitle the plaintiff to recover, the plaintiff was required to show that the train operator could have avoided the accident. It was the plaintiff's theory that the train operator should have seen him when the train first entered the station, and if he had taken the proper action to stop the train at that point, the accident could have been avoided. However, the claim that the plaintiff had fallen onto the tracks before the train entered the station was purely speculative. There was no evidence presented at trial that the plaintiff was on the tracks when the train first entered the station. The plaintiff did not establish when he fell onto the tracks, or for what length of time he was on the tracks before he was struck, so that it was impossible to infer from the evidence presented that the motorman saw or should have seen the plaintiff on the tracks a sufficient time before the accident to bring the train to a stop. Rather, the only evidence presented as to when the plaintiff fell onto the tracks was presented by the defendant, and it demonstrated that the plaintiff did not fall onto the tracks until it was too late for the motorman to avoid the accident. Thus,.the verdict in favor of the plaintiff was based upon pure speculation and conjecture, rather than upon any proof of negligence, and cannot be sustained (*see Feblot v New York Times Co.,* 32 NY2d 486, 494 [1973]; *Santiago v New York City Tr. Auth.,* 271 AD2d 675, 677 [2000]; *Duran v Nassau County,* 267 AD2d 346, 347 [1999]).

Accordingly, that branch of the defendant's motion pursuant to CPLR 4404 (a) which was for judgment as a matter of law and to dismiss the complaint should have been granted. In light of our determination on the appeal, the cross appeal has been rendered academic. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.