■ JENNIFER RYAN et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [933 NYS2d 346]—

The injured plaintiff, Jennifer Ryan (hereinafter Ryan), alleges that she sustained injuries when a bus owned by the defendant, the New York City Transit Authority, and driven by nonparty Richard Essner, ran over her legs. At the trial of this action, Essner testified that he began to drive the bus forward near the intersection of Fourth Avenue and 86th Street in Brooklyn to occupy a space that had just been vacated by another bus. The bus, which had not yet taken on any passengers, was parallel to the curb and less than a foot from it. Ryan ran across the sidewalk toward the side of Essner's moving bus and slapped it several times, beginning about midway between the front and back of the 40-foot-long bus. She then slipped from the sidewalk to the street. Essner had not seen Ryan approach the bus, and he heard only one slap. When he heard the slap, he stopped the bus, but, by the time the bus stopped, its right rear wheels had run over Ryan's legs. The defendant's bus dispatcher and a nonparty witness, both of whom saw the incident, testified that the incident occurred very quickly and that Ryan fell to the street immediately after she started to bang on the bus. According to the eyewitnesses, Ryan had appeared to be disoriented only moments before she ran toward the bus. Ryan herself had no recollection of how the incident had occurred. She testified that she was on her way to a subway entrance near the bus stop and did not intend to ride the bus that day. The last thing she remembered was walking on the sidewalk. Ryan, and her husband, suing derivatively, commenced this action to recover damages for personal injuries, alleging that Essner was negligent in his operation of the bus. After a jury trial, the defendant moved pursuant to CPLR 4401 for judgment as a

matter of law on the issue of liability, and the court denied the motion. The jury returned a verdict finding that the defendant was negligent and that Ryan was not. An interlocutory judgment was entered, the defendant appeals, and we reverse.

To succeed on a motion for judgment as a matter of law pursuant to CPLR 4401, a defendant "has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (*Velez v Goldenberg*, 29 AD3d 780, 781 [2006]). In determining whether the defendant has met this standard, a court must accept the plaintiffs' evidence as true and accord the plaintiffs the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial (*id.* at 781; *see Wong v Tang*, 2 AD3d 840 [2003]).

Evaluating the evidence under that standard, we find that there was no rational process by which the jury could find in favor of the plaintiffs and against the defendant. There was no evidence that Essner was driving at an excessive speed, and the incident unfolded so quickly that Essner could not be considered negligent in bringing the bus to a halt in the manner and time it took him to do so. Under these circumstances, the defendant was entitled to judgment as a matter of law on the issue of liability (*see Splain v New York City Tr. Auth.*, 180 AD2d 454 [1992]; *Trillo v Gerry*, 135 AD2d 625 [1987]).

In light of our determination, we need not review the defendant's remaining contentions. Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.