Kowalski v Oliver (2020 NY Slip Op 07554)





Kowalski v Oliver


2020 NY Slip Op 07554


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-12902
 (Index No. 19825/10)

[*1]Colin D. Kowalski, et al., appellants, 
v
Linda Oliver, et al., defendants, Russell Pollock, as executor of the estate of Howard X. Pollock, respondent.


Gold Benes, LLP, Bellmore, NY (Christopher J. Benes of counsel), for appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Jack L. Libert, J.), entered August 27, 2018. The judgment, insofar as appealed from, upon a "high-low" damages stipulation between the plaintiffs and Howard X. Pollock, upon a jury verdict in favor of that defendant on the issue of liability, upon the denial of the plaintiffs' motion pursuant to CPLR 4401 made at the close of evidence for judgment as a matter of law, upon an order of the same court dated January 23, 2018, denying the plaintiffs' motion, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, for a new trial, is in favor of the plaintiffs and against Howard X. Pollock.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
This action arises from a multivehicle accident which occurred in the late afternoon on September 23, 2010, on Sunrise Highway in Merrick. The injured plaintiff Colin D. Kowalski, and his wife suing derivatively, commenced the instant action against, among others, Howard X. Pollock (hereinafter the decedent) to recover damages for injuries Kowalski allegedly sustained in the accident. By decision and order on application of this Court dated November 16, 2020, Russell Pollock, as executor of the decedent's estate (hereinafter the defendant), was substituted for the decedent as a defendant and the caption was amended accordingly.
The matter proceeded to trial solely on the issue of the defendant's decedent's alleged negligence. At the close of evidence, the plaintiffs moved pursuant to CPLR 4401 for judgment as a matter of law, and the motion was denied. Subsequently, the jury returned a verdict in favor of the defendant. Thereafter, the plaintiffs moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, for a new trial. In an order dated January 23, 2018, the Supreme Court denied the plaintiffs' motion. Thereafter, based upon the jury verdict in favor of the defendant, the January 23, 2018 order, and a "high-low" damages stipulation between the plaintiffs and the defendant, a judgment was entered in favor of the plaintiffs and against the defendant. The plaintiffs appeal.
"A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Hiotidis v Ramuni, 161 AD3d 955, 956 [internal quotation marks omitted]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Feldman v Knack, 170 AD3d 667, 669 [internal quotation marks omitted]). Here, we agree with the Supreme Court's determination that the evidence presented at trial provided a rational basis upon which the jury could have found that the decedent was not negligent in the operation of his vehicle (see Khaydarov v AK1 Group, Inc., 173 AD3d 721, 722).
The parties' remaining contentions are without merit.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court