Kirwan v New York City Tr. Auth. (2021 NY Slip Op 06350)





Kirwan v New York City Tr. Auth.


2021 NY Slip Op 06350


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-03928
 (Index No. 23366/12)

[*1]Jennifer Kirwan, respondent, 
v
New York City Transit Authority, et al., appellants.


Anna Ervolina, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Gregory J. Cannata & Associates, LLP, New York, NY (Alison Cannata Hendele of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Kings County (Katherine Levine, J.), dated November 29, 2017. The interlocutory judgment, upon a jury verdict on the issue of liability finding the defendants to be 100% at fault in the happening of the accident, and upon the denial of the defendants' motion, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the plaintiff and against them on the issue of liability and for judgment as a matter of law dismissing the complaint, is in favor of the plaintiff and against the defendants on the issue of liability.
ORDERED that the interlocutory judgment is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint is granted, and the complaint is dismissed.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained as a result of being struck by a bus owned by the defendants. The action proceeded to a trial on the issue of liability, at which the plaintiff testified that she had been waiting at a bus stop on a sidewalk in Brooklyn at approximately 11:00 p.m. when she saw a bus approaching. The plaintiff testified that she walked "a couple of feet" toward the bus—that was the last thing that she could recall before she realized that she was on the ground and saw the back of the bus as it was driving away down the street. The plaintiff believed that she was hit by the bus but could not say whether she was hit by "any particular part of the bus." The plaintiff also could not remember, but "assumed," that she had stepped down into the street as the bus was approaching. There were no witnesses to the alleged accident and no accident at that location was reported to the defendants by any bus operator. The plaintiff was taken to the hospital and it was determined that she suffered a crush injury to her foot, among other things.
After hearing the evidence, the jury rendered a verdict finding the defendants 100% at fault in the happening of the accident. The defendants moved, among other things, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint. The Supreme Court, inter alia, denied that branch of the motion, and an interlocutory judgment was entered in favor of the plaintiff and against the defendants on the issue of liability. The defendants appeal.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as [*2]a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Hilt v Carpentieri, _____ AD3d _____, _____, 2021 NY Slip Op 05326, *2 [2d Dept] [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499). In determining such a motion, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial (see Ryan v New York City Tr. Auth., 89 AD3d 1005, 1007). However, "[a] jury verdict must be based on more than mere speculation or guesswork" (Bernstein v City of New York, 69 NY2d 1020, 1021).
Here, there was no rational process by which the jury could find in favor of the plaintiff and against the defendants on the issue of liability. Even if the circumstantial evidence sufficiently supported a conclusion that the plaintiff was injured due to an impact with a bus, the mere fact that the plaintiff was struck by a bus did not prove the defendants' negligence (see Castellano v New York City Tr. Auth., 38 AD3d 822, 823). In addition to establishing the fact of the accident, it was the plaintiff's burden to demonstrate what actually happened at the time of the accident so as to enable the jury to find that the defendants were negligent and that their negligence was a proximate cause of the accident (see id. at 823). In the present case, there was no evidence presented from which the jury could rationally determine that any impact between the plaintiff and the bus was caused by negligence on the part of a bus operator (see id.; see also Nahar v Socci, 112 AD3d 592, 593; cf. Berry v Rockville Ctr. Union Free Sch. Dist., 195 AD3d 579).
Accordingly, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint should have been granted.
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court