McNeill v Town of Islip (2022 NY Slip Op 01448)





McNeill v Town of Islip


2022 NY Slip Op 01448


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-09230
2018-13127
 (Index No. 34486/08)

[*1]Carolyn F. McNeill, etc., et al., appellants,
v
Town of Islip, respondent, et al., defendant.


Gruenberg Kelly Della (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
McGiff Halverson Dooley, LLP (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Robert J. Cimino, Robert A. Lifson, and Amy E. Bedell], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 11, 2018, and (2) a judgment of the same court entered September 21, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Town of Islip which was pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiffs and for judgment as a matter of law dismissing the complaint insofar as asserted against it. The judgment, upon the order, is in favor of the defendant Town of Islip and against the plaintiffs dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Town of Islip.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On June 29, 2007, the plaintiff Carolyn F. McNeill (hereinafter the injured plaintiff) allegedly was injured when a street name sign pole in the Town of Islip fell and struck her on the head. In September 2008, the injured plaintiff, and her mother suing derivatively, commenced this personal injury action against the Town and another defendant. Following a jury trial, the jury returned a verdict, inter alia, finding that the Town was negligent. Thereafter, the Town moved, among other things, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it. In an order dated June 11, 2018, the Supreme Court, inter alia, granted that branch of the Town's motion. On September 21, [*2]2018, the court entered a judgment in favor of the Town and against the plaintiffs dismissing the complaint insofar as asserted against the Town. The plaintiffs appeal.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Bacon v Bostany, 104 AD3d 625, 627 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499). "'In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Kowalski v Oliver, 189 AD3d 1199, 1200, quoting Feldman v Knack, 170 AD3d 667, 669).
Here, viewing the evidence in the light most favorable to the plaintiffs, there was a valid line of reasoning and permissible inferences from which the jury could have found that the accident in which the street name sign pole fell onto the injured plaintiff's head was caused by deterioration and rusting of the pole over time. However, there was no valid line of reasoning and permissible inferences which could possibly lead a rational jury to conclude that the Town had constructive notice of the alleged defective condition of the pole (see Harris v Village of E. Hills, 41 NY2d 446, 449; Schillaci v Town of Islip, 163 AD3d 600, 600-601; Connolly v Incorporated Vil. of Lloyd Harbor, 139 AD3d 656, 657; Hilliard v Town of Greenburgh, 301 AD2d 572, 572-573). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Hayden v 334 Dune Rd., LLC, 196 AD3d 634, 635 [internal quotation marks omitted]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Zimmer v County of Suffolk, 190 AD3d 898, 898-899). "When a defect is latent and would not be discoverable upon a reasonable inspection, constructive notice may not be imputed" (Hayden v 334 Dune Rd., LLC, 196 AD3d at 635 [internal quotation marks omitted]; see Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 972). Here, the mere presence of rust on the pole, standing alone, was insufficient to establish that the Town had constructive notice of the alleged defect (see Williams v Church Homes Assoc., L.P., 49 AD3d 386, 387; Garcia v Northcrest Apts. Corp., 24 AD3d 208, 209; Rapino v City of New York, 299 AD2d 470, 471).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of the Town's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court