Blair v Coleman (2022 NY Slip Op 06902)

Blair v Coleman

2022 NY Slip Op 06902

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-04245
 (Index No. 701416/15)

[*1]James Blair, respondent, 
v
Deona Coleman, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Greg Garber (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered February 25, 2019. The judgment, upon a jury verdict in favor of the plaintiff on the issue of liability and upon a separate jury verdict on the issue of damages, inter alia, awarding the plaintiff the sum of $840,000 for future pain and suffering, and upon an order of the same court entered April 2, 2018, denying those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law, or in the alternative, to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and to set aside, as excessive, the jury verdict as to damages for future pain and suffering, is in favor of the plaintiff and against the defendants in the principal sum of $1,177,492.27.
ORDERED that the judgment is reversed, on the facts and in the exercise of discretion, with costs, those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and to set aside, as excessive, the jury verdict as to damages for future pain and suffering are granted, the order entered April 2, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for (1) a new trial on the issue of liability, and (2) if liability is found, a new trial on the issue of damages for future pain and suffering unless, within 30 days of a verdict in favor of the plaintiff on the issue of liability, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Queens County, a written stipulation, subject to the jury's apportionment of fault, if any, consenting to reduce the verdict as to damages for future pain and suffering from the sum of $840,000 to the sum of $500,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the jury verdict as to damages for future pain and suffering, as so reduced and amended, is affirmed.
On October 3, 2014, the plaintiff was proceeding straight through the intersection of Hillside Avenue and Merrick Boulevard in Queens, and the defendant Deona Coleman, operating a bus owned by the defendant New York City Transit Authority, was traveling in the opposite direction intending to turn left onto Merrick Boulevard. As Coleman turned, the bus collided with the front driver's side of the plaintiff's vehicle. The plaintiff subsequently commenced this action [*2]against Coleman, the New York City Transit Authority, and the defendant MTA Bus Company to recover damages for personal injuries. Following a liability trial, the jury found that the plaintiff was negligent, but that his negligence was not a substantial factor in causing the accident. The jury further found that Coleman and the New York City Transit Authority were negligent and that their negligence was a substantial factor in causing the accident. Following a damages trial, the jury awarded the plaintiff the sum of $300,000 for past pain and suffering and the sum of $840,000 for future pain and suffering.
Thereafter, the defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law, or in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, and to set aside, as excessive, the verdict as to damages for future pain and suffering. In an order entered April 2, 2018, the Supreme Court denied the motion. A judgment was entered on February 25, 2019, in favor of the plaintiff and against the defendants, among other things, in the principal sum of $840,000 for future pain and suffering. The defendants appeal.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (McNeill v Town of Islip, 203 AD3d 813, 814 [internal quotation marks omitted]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (id. [internal quotation marks omitted]). "[W]here there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d 687, 688 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to the plaintiff, there was a "valid line of reasoning" that could lead a rational person to the liability verdict in this case (McNeill v Town of Islip, 203 AD3d at 814 [internal quotation marks omitted]; Diorio v Ossining Union Free Sch. Dist., 139 AD3d 790, 791). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law.
However, the jury verdict on the issue of liability was contrary to the weight of the evidence, as "the evidence preponderate[d] so heavily in the [defendants'] favor that it could not have been reached on any fair interpretation of the evidence" (Ditoro v Richmond Univ. Med. Ctr., 202 AD3d 912, 913 [internal quotation marks omitted]). Coleman and Eric Champion, another bus driver who was driving a bus on Hillside Avenue behind Coleman's bus, both testified that Coleman had a green left-turn arrow when she began her turn, and Coleman testified that the green left-turn arrow could be seen in a video that was admitted into evidence at trial. This testimony was consistent with the video showing a light activating in a corner of the video where the traffic signal was located, a vehicle next to Coleman's bus stopping at the stop line as Coleman began turning, and pedestrians beginning to cross Hillside Avenue in the crosswalk across the intersection from Coleman as she began turning. That vehicle need not have stopped, and the pedestrians would not have had a safe route across Hillside Avenue, if the lights for through traffic on Hillside Avenue had been solid green at the time of the collision. The evidence further demonstrated that while Coleman had a green left-turn arrow, the plaintiff would have had a red light. Taken together, this evidence preponderated so heavily in the defendants' favor and against the plaintiff's testimony that he had a solid green light that the jury could not have reached its liability verdict in favor of the plaintiff under "any fair interpretation of the evidence" (id. at 913 [internal quotation marks omitted]). Additionally, as the collision occurred within two or three seconds of both Coleman and the plaintiff entering the intersection, there was insufficient time for Coleman to avoid the collision upon realizing that the plaintiff would not be stopping (see Jeong Sook Lee-Son, 170 AD3d 973, 974). Thus, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the [*3]weight of the evidence and for a new trial. Accordingly, we remit the matter to the Supreme Court, Queens County, for a new trial on the issue of liability. In light of this conclusion, we need not address the defendants' contention regarding certain expert testimony and a curative instruction given during that testimony.
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and the jury's determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Pimenta v 1504 Cia, LLC, 197 AD3d 670, 672 [internal quotation marks omitted]; see CPLR 5501[c]). "The reasonableness of compensation must be measured against relevant precedent of comparable cases" (Pimenta v 1504 Cia, LLC, 197 AD3d at 672 [internal quotation marks omitted]). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (id. [internal quotation marks omitted]). "Where the parties present conflicting expert testimony, the jury is entitled to accept one expert's opinion and reject that of another expert, and its resolution of the conflicting testimony is entitled to great weight on appeal" (Lewis v Vertex Constr. Corp., 170 AD3d 990, 991).
Here, the award for damages for future pain and suffering was excessive. The plaintiff suffered the following injuries as a result of this accident: (1) right first and right second metatarsal fractures with Lisfranc fractured dislocation of the right foot, (2) fracture of the right 11th rib, (3) fracture of the sternum, (4) fracture of the right clavicle, and (5) fracture of the first lumbar bone. The plaintiff required surgery only for his injuries to his right foot. Although the plaintiff had numerous health issues prior to this motor vehicle accident, he presented evidence that as a result of the injuries he suffered in this accident, he continued to suffer pain, he required the help of a home health aide on a daily basis, he was no longer able to engage in various physical activities that he had previously enjoyed, and the injuries to his foot would make it progressively more difficult for him to walk and would likely require additional surgery. Taking into account these circumstances, according deference to the jury's apparent acceptance of the plaintiff's expert's testimony, and considering damages awards in comparable cases, we find that the award of damages for future pain and suffering was excessive to the extent indicated herein (see Fortune v New York City Hous. Auth., 201 AD3d 705, 706-707; Pimenta v 1504 Cia, LLC, 197 AD3d at 672; Lewis v Vertex Constr. Corp., 170 AD3d at 991; Ciano v Sauve, 42 AD3d 556, 556-557).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court