Thomas v County of Westchester (2023 NY Slip Op 06397)

Thomas v County of Westchester

2023 NY Slip Op 06397

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2020-06372
 (Index No. 66883/15)

[*1]Keith Thomas, appellant-respondent, 
v
County of Westchester, respondent-appellant, Faculty Student Association of Westchester Community College, Inc., respondent.

Cohn & Spector, White Plains, NY (Julius W. Cohn and Wendy E. Wells of counsel), for appellant-respondent.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (John M. Flannery and Eliza M. Scheibel of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals, and the defendant County of Westchester cross-appeals, from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 31, 2020. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the plaintiff on the issue of liability and for judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them. The order, insofar as cross-appealed from, determined that the jury's finding that the defendant County of Westchester was negligent was supported by legally sufficient evidence.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the cross-appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff enrolled in Westchester Community College (hereinafter WCC) in the fall of 2011 and soon after began to play for the WCC men's basketball team. In October 2013, WCC received an anonymous email alleging that Tyrone Mushatt, the head coach of the WCC men's basketball team, had altered the academic transcripts of his players to help them transfer to other colleges. WCC investigated the allegations in the email and found no evidence of wrongdoing. Prior to the start of the 2014/2015 academic year, the plaintiff applied to transfer to St. John's University (hereinafter SJU), and was accepted and offered an athletic scholarship. In October 2014, WCC, among others, discovered that Mushatt had transmitted forged transcripts to colleges on behalf of players on the WCC men's basketball team, and that these transcripts misrepresented the credits earned by those players and thus their eligibility status. As part of this fraud, Mushatt directly [*2]transmitted a forged transcript on behalf of the plaintiff to SJU, which falsely represented that the plaintiff had earned an associate's degree at WCC and was thus eligible to play basketball at SJU. In November 2014, SJU determined that the plaintiff's application for admission contained material misrepresentations and cancelled his admission.
In 2015, the plaintiff commenced this action against the defendants, County of Westchester and Faculty Student Association of Westchester Community College, Inc. (hereinafter FSA), alleging, inter alia, that the defendants were negligent in their supervision and retention of Mushatt, as they failed to discover his fraud despite receiving notice of such in an email in October 2013. After a jury trial on the issue of liability, the jury found, inter alia, that the defendants were negligent in their supervision and retention of Mushatt due to their failure to discover his fraud after receiving the anonymous email in October 2013, and that this negligence was a substantial factor in causing the plaintiff's damages.
The defendants separately moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the amended complaint insofar as asserted against each of them. In an order dated July 31, 2020, the Supreme Court granted those branches of the defendants' separate motions, determining that there was no valid line of reasoning supporting the jury's findings that FSA was negligent or that any negligence on the part of FSA or the County was a substantial factor in causing the plaintiff's damages. The plaintiff appeals, and the County cross-appeals.
The cross-appeal must be dismissed because the County is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157). The County contends on its cross-appeal that the Supreme Court should have granted the subject branch of its motion on the ground that there was no valid of line of reasoning supporting the jury's finding that the County was negligent. However, the court ultimately granted the subject branch of the County's motion, and a party is not aggrieved merely because it "disagrees with the particular findings, rationale or the opinion supporting" a judgment or order (Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545). The issues raised on the cross-appeal have been considered as alternative grounds for affirmance (see id. at 545).
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Blair v Coleman, 211 AD3d 671, 672 [internal quotation marks omitted]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (id. at 672 [internal quotation marks omitted]). "A jury verdict must be based on more than mere speculation or guesswork" (Bernstein v City of New York, 69 NY2d 1020, 1021; see Kirwan v New York City Tr. Auth., 199 AD3d 907).
The Supreme Court properly granted that branch of FSA's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the amended complaint insofar as asserted against it. FSA had no duty to investigate the allegations in the October 2013 email, and therefore, there was no valid line of reasoning and permissible inferences from which the jury could rationally have concluded that FSA was negligent in supervising or retaining Mushatt based on the investigation of the allegations in the October 2013 email, or that its alleged negligence was a substantial factor in causing the plaintiff's damages. The court also properly granted that branch of the County's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the amended complaint insofar as asserted against it. There was no valid line of reasoning and permissible inferences from which the jury could rationally have concluded that the County's negligence was a substantial factor in causing the plaintiff's damages, as it is undisputed that the plaintiff was not academically eligible to play basketball for SJU.
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court