Benitez v Jamaica Hosp. Med. Ctr. (2024 NY Slip Op 04539)

Benitez v Jamaica Hosp. Med. Ctr.

2024 NY Slip Op 04539

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2020-09593
 (Index No. 507954/17)

[*1]Digna Benitez, appellant, 
v
Jamaica Hospital Medical Center, respondent.

Umoh Law Firm, PLLC, Brooklyn, NY (Uwem Umoh of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg and Kenneth R. Larywon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of gender, pregnancy, and disability in violation of the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated December 1, 2020. The order granted that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside so much of a jury verdict as was in favor of the plaintiff on the issue of liability on the cause of action alleging hostile work environment and for judgment as a matter of law dismissing that cause of action and denied the plaintiff's cross-motion, among other things, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the defendant on the issue of liability on the cause of action alleging unlawful termination as contrary to the weight of the evidence and for a new trial on the issue of liability on that cause of action.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed as a housekeeper by the defendant beginning in June 2013. The plaintiff's employment was terminated on July 31, 2015, for failing to provide medical documentation to support her absenteeism beginning on June 16, 2015. The plaintiff commenced this action, inter alia, to recover damages for employment discrimination alleging, among other things, that the defendant subjected the plaintiff to a hostile work environment and that the defendant violated New York City Human Rights Law (Administrative Code of City of NY § 8-107) by discriminating against the plaintiff on the basis of gender, pregnancy, and disability. After a trial, a jury found in favor of the plaintiff on the issue of liability on the cause of action alleging hostile work environment on the basis of pregnancy and awarded damages, but rejected the claim of unlawful termination on the basis of pregnancy and disability. The defendant moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the plaintiff on the issue of liability on the cause of action alleging hostile work environment and for judgment as a matter of law dismissing that cause of action. The plaintiff cross-moved, among other things, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the defendant on the issue of liability on the cause of action alleging unlawful termination as contrary to the weight of the evidence and for a new trial on the issue of liability on that cause of action. In an order dated December 1, 2020, the Supreme Court granted that branch of the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Thomas v County of Westchester, 222 AD3d 799, 801 [internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493, 499). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Thomas v County of Westchester, 222 AD3d at 801 [internal quotation marks omitted]).
The New York City Human Rights Law provides, in relevant part, that "[i]t shall be an unlawful discriminatory practice . . . [f]or an employer or an employee or agent thereof, because of the actual or perceived . . . gender . . . of any person . . . to discriminate against such person in compensation or in terms, conditions or privileges of employment" (Administrative Code § 8-107[1][a][3]). "Discrimination on the basis of pregnancy is a form of gender discrimination" (Golston-Green v City of New York, 184 AD3d 24, 34; see Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708, 709).
"[U]nder the City Human Rights Law, liability for a harassment/hostile work environment claim is proven where a plaintiff proves that he or she was treated less well than other employees because of the relevant characteristic" (Nelson v HSBC Bank USA, 87 AD3d 995, 999; see Domingo v Avis Budget Group, Inc., 219 AD3d 964, 966).
The conduct alleged, however, must exceed "what a reasonable victim of discrimination would consider petty slights and trivial inconveniences" (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [internal quotation marks omitted]; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d 999, 1003; Golston-Green v City of New York, 184 AD3d at 42-43; Reichman v City of New York, 179 AD3d 1115, 1118), and "mere personality conflicts" will not suffice to establish a hostile work environment (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 309; see Bilitch v New York City Health & Hosps. Corp., 194 AD3d at 1003; Reichman v City of New York, 179 AD3d at 1118).
Here, the cause of action alleging hostile work environment was premised on a single comment by the plaintiff's supervisor purportedly relating to her pregnancy. While a single comment may suffice to prove a hostile work environment (see Diggs v Oscar De La Renta, LLC, 169 AD3d 1003, 1004), that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the plaintiff on the issue of liability on the cause of action alleging hostile work environment and for judgment as a matter of law dismissing that cause of action was properly granted "since a reasonable person would consider the complained-of conduct nothing more than petty slights and trivial inconveniences" (Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP, 120 AD3d 18, 26 [internal quotation marks omitted]; see Golston-Green v City of New York, 184 AD3d at 43; Reichman v City of New York, 179 AD3d at 1119; Ellison v Chartis Claims, Inc., 178 AD3d 665, 669; Williams v New York City Hous. Auth., 61 AD3d at 80).
The plaintiff's remaining contentions either have been rendered academic in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court