Aguilar v Graham Terrace, LLC (2025 NY Slip Op 02564)

Aguilar v Graham Terrace, LLC

2025 NY Slip Op 02564

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2020-06289
 (Index No. 15431/12)

[*1]William Enrique Macas Aguilar, appellant,
v
Graham Terrace, LLC, et al., defendants third-party plaintiffs-respondents; Atweek, Inc., etc., third-party defendant-respondent.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers of counsel), for defendants third-party plaintiffs-respondents.
Wade Clark Mulcahy LLP (Kehana Feld, LLP, New York, NY [Sophia Uvaydov and Daniel Rosenblum], of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 8, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were pursuant to CPLR 4404(a) to set aside, as excessive, a jury verdict on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses to the extent of directing a new trial on those categories of damages, unless the plaintiff stipulated to reduce the award of damages for past pain and suffering from the principal sum of $1,500,000 to $800,000, for future pain and suffering from the principal sum of $2,500,000 to $1,000,000, and for future medical expenses from the principal sum of $800,000 to $400,000.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, with one bill of costs to the plaintiff payable by the defendants third-party plaintiffs and third-party defendant appearing separately and filing separate briefs, and those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses are denied.
The plaintiff was injured when, while standing on a beam performing demolition work, a heating, ventilation, and air conditioning duct fell and struck him, causing him to fall approximately 15 to 20 feet to the floor. As a result of the accident, the plaintiff suffered, inter alia, a fractured rib and a fractured femur that required open reduction internal fixation surgery. A metal rod and screws were inserted into the plaintiff's left leg. The plaintiff later underwent a surgical procedure to remove one of the screws. Furthermore, as a result of the accident, the plaintiff developed problems with both of his knees and his spine, requiring arthroscopic surgery on each [*2]knee and a laminotomy. The plaintiff walks with a limp, has limited motion of the hip and knees, and has developed arthritis that will worsen over time. Since the accident, the plaintiff has experienced constant pain despite having been administered numerous injections, including trigger-point injections and transforaminal injections, and having been prescribed several medications, including opioids. Further, the evidence demonstrated that the plaintiff will continue to experience pain and will require future medical treatment, including pain management and, likely, a spinal fusion.
The jury awarded the plaintiff damages in the principal sums of $1,500,000 for past pain and suffering, $2,500,000 for future pain and suffering over a period of 35 years, and $800,000 for future medical expenses over a period of 35 years. Thereafter, the defendants third-party plaintiffs and the third-party defendant separately moved, among other things, pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses. In an order dated June 8, 2020, the Supreme Court granted those branches of the separate motions to the extent of directing a new trial on those categories of damages, unless the plaintiff stipulated to reduce the damages awards to the principal sums of $800,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $400,000 for future medical expenses. The plaintiff appeals.
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation" (Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658; see CPLR 5501[c]; Angeles v County of Suffolk, 222 AD3d 923, 925). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d 739, 741; see Plazas v Sherlock, 228 AD3d 788, 791). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Blair v Coleman, 211 AD3d 671, 674 [internal quotation marks omitted]). Here, considering the nature and extent of the injuries sustained by the plaintiff, the damages awards for past pain and suffering, future pain and suffering, and future medical expenses, as awarded by the jury, were appropriate and did not deviate materially from what would be reasonable compensation (see Kowalsky v County of Suffolk, 139 AD3d 906; Kusulas v Saco, 134 AD3d 772; Halsey v New York City Tr. Auth., 114 AD3d 726). Accordingly, the Supreme Court should have denied those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendant which were pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages for past pain and suffering, future pain and suffering, and future medical expenses.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court