Leprechaun Dental, P.C. v Craven (2025 NY Slip Op 04775)

Leprechaun Dental, P.C. v Craven

2025 NY Slip Op 04775

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2022-02294
 (Index No. 152698/17)

[*1]Leprechaun Dental, P.C., et al., appellants,
v
Terry Craven, etc., et al., defendants, On Line Computer Supplies, Inc., etc., respondent.

Sanford F. Young, New York, NY, for appellants.
Crawford & DeSantis, LLP, Staten Island, NY (Michael DeSantis of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated March 25, 2022. The judgment, upon a jury verdict, inter alia, awarding the plaintiff Leprechaun Dental, P.C., damages in the principal sum of $170,000, and, among other things, upon granting the oral application of the defendant On Line Computer Supplies, Inc., pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint, is in favor of that defendant and against the plaintiff David Flynn in the sum of $37,352.92.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action to recover damages for breach of contract. The defendants interposed counterclaims against the plaintiff David Flynn, alleging breach of contract. At trial, the plaintiffs sought to establish that the defendant On Line Computer Supplies, Inc. (hereinafter the defendant), breached a contract with the plaintiffs by failing to provide certain data backup services for records of the plaintiff Leprechaun Dental, P.C. (hereinafter Leprechaun). To establish damages, the plaintiffs introduced into evidence a document reflecting Leprechaun's profits and losses from November 2015 through December 2017. Although the Supreme Court originally admitted this document into evidence, it subsequently reversed its decision and excluded the document from evidence as inadmissible hearsay.
Following the trial, the jury reached a verdict finding, inter alia, that the defendant breached its contract with Leprechaun by failing to provide data backup monitoring and reporting services and that Leprechaun sustained $170,000 in damages as a result of the defendant's breach of contract. Thereafter, the defendant made an oral application pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint, and the plaintiffs made an oral application for a mistrial. The Supreme Court granted the defendant's application, denied the plaintiffs' application, and dismissed the complaint. On March 25, 2022, the court issued a judgment in favor of the defendant and against Flynn in the sum of $37,352.92. The plaintiffs appeal.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Hilt v Carpentieri, 198 AD3d 625, 627 [internal quotation marks omitted]; see Thomas v County of Westchester, 222 AD3d 799, 801). "In determining such a motion, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial" (Kirwan v New York City Tr. Auth., 199 AD3d 907, 908; see Kelly v Consolidated Edison Co. of N.Y., Inc., 230 AD3d 1237, 1238). However, "'[a] jury verdict must be based on more than mere speculation or guesswork'" (Kirwan v New York City Tr. Auth., 199 AD3d at 908, quoting Bernstein v City of New York, 69 NY2d 1020, 1021).
The Supreme Court properly granted the defendant's oral application pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint. The elements of a cause of action to recover damages for breach of contract are "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Fuoco Group, LLP v Weisman & Co., 222 AD3d 619, 621 [internal quotation marks omitted]). Here, there was no valid line of reasoning and permissible inferences from which the jury could rationally have concluded that Leprechaun sustained $170,000 in damages as a result of the defendant's breach. This award was purely speculative and was not based on evidence introduced at trial (see Wai Ming Ng v Tow, 260 AD2d 574, 575; cf. Kelly v Consolidated Edison Co. of N.Y., Inc., 230 AD3d at 1238).
Contrary to the plaintiffs' contention, the Supreme Court properly excluded Leprechaun's profit and loss statement from evidence as inadmissible hearsay. Although "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records . . . , such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [citations and internal quotation marks omitted]). Here, Flynn's testimony was insufficient to establish a proper foundation for the admission of Leprechaun's profit and loss statement as a business record pursuant to CPLR 4518(a), because Flynn failed to testify that he was personally familiar with the record-keeping practices and procedures of the entity that generated this document or that this document was routinely relied upon in his own business (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 209-210).
The plaintiffs' remaining contentions are without merit.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court